## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JOHN FALLSTROM,**

        **Plaintiff,**

**v.**                                       **Case No: 6:23-cv-1731-CEM-DCI**

**STONEBRIDGE ROSS, LLC,**

        **Defendant.**

_____

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Entry of Default Final Judgment (Doc. 20)** |
| **FILED:** | **November 13, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff initiated this diversity action against Defendant for breach of contract. Doc. 1. The Clerk has entered default (Doc. 19) and pending before the Court is Plaintiff's Motion for Default Final Judgment. Doc. 20 (the Motion). Plaintiff submits the "Nordik Stock Purchase Agreement" (the Agreement) and Plaintiff's declaration in support of the Motion. *Id*. (Plaintiff's Declaration).

The Motion is due to be denied for failure to comply with Local Rule 3.01(a). Namely, Plaintiff does not include a legal memorandum in the Motion or the Statement in support of the request. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than

twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."). Plaintiff's citation to Federal Rule of Civil Procedure 55(b) and Local Rule 1.10 and Plaintiff's general reference to law pertaining to default judgments is insufficient for the Court to adequately determine if default judgment is appropriate.

Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  It is Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements.

Here, the Complaint includes one cause of action for breach of contract.  Doc. 2-2.  While Plaintiff summarily concludes that the well-pled allegations of the Complaint establish the existence of a valid contract that Defendant allegedly breached resulting in damages, Plaintiff cites to no authority to address those elements under the applicable law.  Plaintiff provides some citation to the Complaint, but Plaintiff's failure to analyze the elements of the cause of action is especially problematic because it appears that Delaware law applies. *See* Doc. 20 at 9; *see United States ex. rel. Phoenix Metals Co. v. Worthfab, LLC*, 2020 U.S. Dist. LEXIS 118796, at *2 (M.D. Fla. July 7, 2020) (denying without prejudice a motion for default judgment because the plaintiff did not discuss the elements for each claim, provide citations to authority as to these elements, and support each element by pinpoint citation to the factual allegations in the complaint); *Gonopolsky v.*

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*Korchak*, 2007 U.S. Dist. LEXIS 38271, at *3 (May 25, 2007) (finding that a motion for default judgment was insufficient because there was no discussion of the elements of each cause of action and how the allegations of the complaint, taken as true, satisfy the elements).

Further, Plaintiff must establish that the Court has personal jurisdiction over Defendant. Plaintiff does not mention jurisdiction. *See* Doc. 20. And, with respect to subject matter jurisdiction, the Court questions its existence. This Court is a court of limited jurisdiction, and as such, "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999); *see also Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam) ("As a preliminary matter, we must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

A corporation is a citizen of both the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). However, an unincorporated business entity, such as a limited liability company, is a citizen of every state in which each of its individual members are citizens. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Accordingly, to properly allege the citizenship of an LLC, a party must identify *all* of the LLC's members and their citizenships. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990).

Here, Plaintiff alleges that Defendant is a limited liability company with its principal place of business in Florida.  Doc. 2-2 at 1.  Plaintiff alleges that "[o]n information and belief, Mr. Marra is the sole member of Stonebridge Ross, and Mr. Marra is a resident of the State of Georgia but resided in Florida at the time of the transaction in question." *Id*. at 2.[2]  However, "[a] party's 'domicile' rather than his or her *residence*, is determinative of citizenship for diversity jurisdiction." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007) (emphasis added).  "Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Harter v. Norcold, Inc.*, 2019 WL 12496308, at *1 (M.D. Fla. June 28, 2019) (citing *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011)).  Accordingly, the Court cannot ascertain the existence of diversity jurisdiction based on the allegations and, since Plaintiff does not address either personal or subject matter jurisdiction, the Motion does not assist the Court.  Further, based on the record and without any legal authority addressing the issue, the Court cannot ascertain that the amount in controversy satisfies the jurisdictional prerequisite.  While Plaintiff is asserting that he is seeking $500,000 in damages, he is seeking, in essence, specific performance of a buy-back provision in that amount.  But—again without any briefing on the issue—the Court is uncertain as to whether that is the correct calculus of jurisdictional damages, especially as it is unclear whether Plaintiff still holds anything of value to be bought back, and whether, if so, Plaintiff intends that the transfer of that thing is to be a necessary part of the judgment.

---

[2] Plaintiff's statement on "information and belief" is inadequate.  *Wagner v. Giniya Int'l Corp.*, 2020 WL 7774385, at *4 (M.D. Fla. Dec. 3, 2020), *report and recommendation adopted by*, 2020 WL 7768949 (M.D. Fla. Dec. 30, 2020) ("Again, a vague allegation made on 'information and belief' is not sufficient to support a motion for default judgment.") (citations omitted).

Finally, Plaintiff alleges that "Plaintiff had a valid and enforceable agreement (the SPA), supported by consideration, with Defendant." Doc. 2-2 at 8. Plaintiff has attached the Agreement to the Motion, and it purports to be between Stonebridge Ross and Plaintiff. Doc. 20 at 7. Stonebridge Ross also appears to have executed the document on August 16, 2019. *Id*. at 9. After the page with Stonebridge Ross' purported signature as "Seller," Plaintiff has attached a separate page of what appears to be a picture or a scan of a document with Plaintiff's signature. *Id*. at 10. If Plaintiff claims that this page is evidence of the execution of the Agreement and proof that Plaintiff can enforce its terms, the Court is not so sure. Of note, the page states that it is "Page 5 of 5" but the Agreement is only 3 pages in length. *Id*. at 8-10.

Based on the foregoing, it is **ORDERED** that:

1. the Motion (Doc. 20) is **DENIED without prejudice**; and

2. **on or before January 24, 2024**, Plaintiff may file a motion for default judgment in accordance with this Order and the Local Rules of this Court.

**Failure to file the motion for default judgment within the allotted time may result in dismissal of this action for failure to prosecute without further notice.**

**DONE AND ORDERED** in Orlando, Florida on January 11, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties